UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                02-cr-451 (PKC)

                    -against-                                   ORDER


CHAROD BECTON,

                              Defendant.
------------------------------------------------------------x

CHAROD BECTON,

                              Movant,
          -against-                                             24-cv-3439 (PKC)


UNITED STATES OF AMERICA,


                              Respondent.

_____x

CASTEL, U.S.D.J.

          Petitioner Charod Becton, who is proceeding pro se, moves to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel.  For

the reasons below, the motion is dismissed as untimely.


BACKGROUND

          On November 28, 2018, the Court sentenced Becton principally to life

imprisonment plus a consecutive term of five years' imprisonment.  Becton had initially pled

guilty to fifteen counts on November 1, 2006, but entered a plea modification agreement in

March 2018 in which one count was dismissed.  The Second Circuit denied Becton's appeal in a summary order dated September 21, 2020.  United States v. Henderson, 827 F. App'x 105 (2d Cir. 2020).  On February 22, 2021, the Supreme Court denied Becton's petition for writ of certiorari.  Becton v. United States, 141 S. Ct. 1431 (Feb. 22, 2021).

On November 23, 2021, Becton, proceeding pro se, moved this Court to compel his former counsel to provide him with his case file.  (ECF 278.)  Becton's former counsel submitted that it would be "incredibly burdensome, if not impossible" to provide Becton with a physical copy of the case file (an estimated 18 banker's boxes worth of paper) while he was incarcerated.  (ECF 279.)  The Court declined to authorize the use of CJA funds to digitize the case file based on Becton's assertion that there may be materials in the file relevant to a future motion without a particularized showing of need.  (ECF 280.)  Becton reports that his former counsel did nonetheless provide him with most of the case file in June 2023.

On February 8, 2024, Becton, through a new attorney, submitted an unfiled motion requesting, among other things, appointment of counsel for the purpose of preparing a section 2255 motion.[1]  (See ECF 297 at 2.)  The Court denied that motion as moot, (id. at 3), because Becton, proceeding pro se, submitted a 2255 motion that was docketed on April 30, 2024, (ECF 292).

---

[1] Becton seeks to include "by reference arguments raised in his February 8, 2024 motion for discovery as well as the reply dated April 15, 2024, but otherwise is proceeding [ ] pro se[.]"  (ECF 14 at 2, 24-cv-3439.)  An attorney delivered to the undersigned's Chambers unfiled motions for discovery in aid of a section 2255 motion and appointment of counsel, but the same attorney emphatically stated, "I do not represent Mr. Becton for the § 2255 petition itself[.]"  (ECF 294.)  For reasons explained and in the exercise of discretion, the Court declined to permit this sort of "hybrid or attempted hybrid" representation.  (ECF 297.)  Accordingly, the Court does not consider on the section 2255 motion the February 8, 2024, and April 15, 2024, submissions of the attorney.

BECTON'S MOTION IS BARRED BY THE STATUTE OF LIMITATIONS

Section 2255(f) creates a one-year statute of limitations.  The limitation period begins to run on the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The timeliness of a section 2255 motion is assessed on a "claim-by-claim basis."  United States v. Herbert, 03-cr-211, 2014 WL 3579806, at *3 (S.D.N.Y. July 21, 2014) (Stein, J.).  Courts deciding the applicability of section 2255(f)(4) ask "when a duly diligent person in petitioner's circumstances would have discovered" the facts underlying petitioner's claims.  Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000).  "[T]he burden of showing due diligence under § 2255(f)(4) rests on" the petitioner.  Gacko v. United States, 09-cv-4938, 2010 WL 2076020, at *2 (E.D.N.Y. May 20, 2010).

Becton's conviction became final for the purposes of subsection (f)(1) on February 22, 2021, when the Supreme Court denied Becton's certiorari petition.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  This motion is thus untimely under subsection (f)(1)

whether it is deemed filed on April 12, 2024, as the signature page of Becton's motion suggests, or April 25, 2024, as the government suggests.[2]

Becton urges that the limitations period is instead governed by subsection (f)(4), as he only uncovered the factual predicates for the instant claims on June 9, 2023, when counsel provided him with his case file.  (See ECF 1 at 18, 24-cv-3439; ECF 14 at 2–3, 24-cv-3439.)

But section 2255(f)(4) is inapplicable, not because of the degree of diligence Becton exercised in obtaining the case file, but because Becton does not appear to rely on any facts he uncovered in the file.  Indeed, Becton argues that the file is missing "crucial documents that could prove ineffectiveness."  (ECF 14 at 3.)  The motion instead depends on facts of which he has been aware all along, or facts he could have discovered with due diligence outside of the case file.

Becton claims counsel erroneously assured him that he would receive substantial assistance credit and a sentence of only 10 to 15 years (Ground 1), that counsel misled him into pleading guilty because his co-defendant was sentenced to life while he was sentenced to life plus five years (Ground 3), that his plea was not knowing or voluntary because counsel did not inform him that he could receive a life sentence (Ground 5), that his "speedy sentencing" rights were violated (Ground 6), and that counsel did not review with him the various plea deals and presentence reports prepared in this case (Ground 7).

The necessary facts to assert these claims were known or should have been known to Becton as the recipient of his attorney's advice and an attendee at his own sentencing and plea

---

[2] The signature page of Becton's motion states that it was "placed in the prison mailing system on" April 12, 2024. (ECF 1 at 19.)  Under the "prison mailbox rule," April 12, 2024, would be the filing date.  See Moshier v. United States, 402 F.3d 116, 117 (2d Cir. 2005) (per curiam) (applying the "prison mailbox rule" in the section 2255 context).  The government asserts, however, that attachments to the motion and the postage stamp post-date April 12, 2024, indicating the motion was mailed, and hence deemed filed, later.  (ECF 9 at 27, 24-cv-3439.)

hearings.  See United States v. Pearson, 04-cr-340, 2014 WL 12845369, at *3 (N.D.N.Y. June 12, 2014) (refusing to apply subsection (f)(4) where "the statements of Petitioner's trial and appellate counsel contained in correspondence and affidavits, which Petitioner contends 'demonstrate that both counselors rendered ineffective assistance of counsel,' were statements regarding proceedings in which Petitioner participated").  At his plea modification hearing on March 16, 2018, the Court asked Becton, under oath, if the parties' "stipulated guideline range of life imprisonment plus 60 months imprisonment with a mandatory minimum of 25 years[] [wa]s correct[,]" to which Becton replied "yes."  (Hearing Tr. 21.)  The Court also informed Becton that the stipulated guideline range was not binding on the Court.  (Id.)  Further, it defies logic that Becton would need access to his own case file to learn his co-defendant's sentence.[3]

Becton also seeks relief on the ground that counsel failed to seek specific performance of the 2006 plea agreement, which provided for the possibility of cooperation, and instead negotiated the 2018 modification agreement, which did not provide for cooperation credit (Ground 2).  Becton does not assert that he learned about the contents of the plea agreements through the case file and was otherwise in the dark.  He does contend that he was unable to review the 2018 agreement because he was in solitary confinement when counsel visited him to discuss it.  (ECF 1 at 21.)  But at the March 16, 2018, hearing, Becton swore under oath that he had read, understood, and signed the 2018 agreement, that he understood he was facing the possibility of a life sentence, and that he understood he could choose not to enter into the 2018 agreement and instead proceed to sentencing on the basis of the 2006 agreement.  (Hearing Tr.

---

[3] Becton pled guilty to fourteen counts pursuant to the 2018 agreement.  Henderson was convicted by a jury and sentenced by Judge Owen on seven counts, which did not include the three counts for murder while engaged in a narcotics conspiracy that Becton pled to.  See Henderson v. United States, 02-cr-451, 2012 WL 694118 (S.D.N.Y. Mar. 1, 2012) (Scheindlin, J.).

11–12, 19.)  The Court found that the 2018 modification agreement "was knowingly, intelligently, and voluntarily entered into" and accepted it.  (Id. 32.)

Becton further contends that he was prejudiced by counsel's alleged failure to investigate the firearm charge underlying Count 13 (Ground 4).  In Becton's telling, had there been a proper investigation, counsel would have discovered that Becton's girlfriend had admitted that the firearm was hers, exonerating Becton.  Becton ultimately did not plead to Count 13, but contends the "government used this charge as a bargaining chip to lure [him] into accepting the 2018 plea[.]"  (ECF 14 at 4.)  Again, Becton points to no facts supporting this claim that were unknown to him before he obtained the case file.  Nor does he explain why he could not have sought information about an investigation or lack thereof from his counsel.

Finally, Becton asserts that he attempted to get his case file from counsel beginning in April 2020, but that counsel withheld the file from him until June 2023 (Ground 8).  But counsel did endeavor to provide Becton with the case file.  It was this Court that declined to authorize the use of CJA funds to digitize the file.  And Becton could have raised the issue of the delay well before his conviction became final for the purposes of section 2255(f)(1) on February 22, 2022, given that he had been attempting to access the file for almost two years at that point.  To the extent Becton is also arguing that documents purportedly missing from the file are themselves suggestive of ineffective assistance of counsel, Becton makes no showing of due diligence in attempting to uncover facts contained in those documents.  Becton claims, among other things, that the file contains no evidence of an investigation on Becton's behalf, no "alibi defense info[,]" and no "potential witness interviews."  (ECF 14 at 7–8.)  Whether any of those materials were being compiled is something about which Becton could have inquired with counsel.  But he does not claim to have done so.

- 7 -

CONCLUSION

Becton's motion is DENIED, and the Clerk is directed to close the docket at 24-cv-3439. All other relief is denied. Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 9, 2026

COPY MAILED TO:
Charod Becton
Register No. 53889-054
FCI Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

- 7 -